# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No.: 2:17-cv-01354-APG-EJY |
| Plaintiff | **Order (1) Granting SFR and Arlington's Motions for Summary Judgment,** |
| v. | **(2) Denying SFR's Motion to Dismiss as Moot, (3) Denying U.S. Bank's Motion for** |
| ZILIAN OU, et al., | **Summary Judgment, and (4) Setting Deadline for Pretrial Order or Status** |
| Defendants | **Report** |
| | [ECF Nos. 23, 35, 36, 37] |

Plaintiff U.S. Bank National Association sues to determine whether its deed of trust encumbering property located at 9010 Harbor Wind Avenue located in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Arlington West Twilight Homeowners Association (Arlington). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. U.S. Bank seeks a declaration that its deed of trust still encumbers the property and it asserts damages claims against Arlington. U.S. Bank also brings a claim for judicial foreclosure against the borrower, defendant Zilian Ou, on the deed of trust that secures the loan U.S. Bank made to Ou.

SFR moves to dismiss and for summary judgment, asserting that U.S. Bank's declaratory relief claim is untimely.[1] SFR also argues that the sale is presumptively valid and U.S. Bank cannot overcome that presumption. Arlington separately moves for summary judgment, contending all of U.S. Bank's claims against it are time-barred.

---

[1] Although SFR's motion refers to all of U.S. Bank's claims, it analyzes only the declaratory relief claim, which is the only claim asserted against SFR.

U.S. Bank opposes SFR's and Arlington's motions and moves for summary judgment on its declaratory relief claim, arguing that its predecessor, Bank of America, tendered the superpriority amount before the sale, thereby satisfying the superpriority lien and preserving the deed of trust. U.S. Bank contends that all of its claims are timely or, alternatively, that SFR and Arlington have waived the statute of limitations defense or should be estopped from asserting it. U.S. Bank also argues equitable tolling applies because it did not learn of the sale right away and it believed that a pre-sale tender of the superpriority amount preserved the deed of trust. U.S. Bank argues its damages claims are timely because the statute of limitations has not been triggered where the deed of trust has not been declared invalid. Alternatively, it argues its damages claims run from the date the Supreme Court of Nevada issued the decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) (en banc).

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant SFR's and Arlington's motions for summary judgment and deny U.S. Bank's motion because U.S. Bank's claims against them are time-barred. I deny SFR's motion to dismiss as moot. Finally, I order the parties to submit either a joint pretrial order or a status report regarding the remaining judicial foreclosure claim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Claims for breach of Nevada Revised Statutes § 116.1113, wrongful foreclosure, and violations of the Nevada Deceptive Trade Practices Act (NDTPA) are governed by limitation periods of four years or less. *See Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (three or four years for wrongful foreclosure); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. Mar. 31, 2016) (stating that a § 116.1113 claim is governed by a three-year limitation period in Nev. Rev. Stat. § 11.190(3)(a)); Nev. Rev. Stat. § 11.190(2)(d) (four years for NDTPA).

The HOA foreclosure sale took place on January 9, 2013. ECF No. 37-6. The deed upon sale was recorded on January 11, 2013. *Id.* U.S. Bank's evidence shows that its predecessor's agent knew that the property had been sold as of February 12, 2013. ECF No. 35-11 at 7. U.S. Bank accepted the assignment of the deed of trust in April 2017. ECF No. 35-5. U.S. Bank filed its complaint about two weeks later, on May 11, 2017. ECF No. 1. U.S. Bank's claims thus are untimely because the complaint was filed more than four years after Bank of America's agent learned of the foreclosure sale.

I have previously rejected arguments similar to the ones U.S. Bank makes that its declaratory relief claim is not subject to a statute of limitations, that the limitation period runs from the date the Supreme Court of Nevada issued the opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, that its declaratory relief claim is a defense to a potential wrongful foreclosure claim by SFR and so is not subject to a limitation period, and that its damages claims are not ripe. *See Bank of New York Mellon Tr. Co., Nat'l Ass'n v. SFR Investments Pool 1, LLC*, No. 2:18-cv-00978-APG-CWH, 2019 WL 982378, at *2 (D. Nev. Feb. 28, 2019); *Bank of New York for Certificateholders of CWALT, Inc.*, 329 F. Supp. 3d at 1213-14, 1220; *Country Garden Owners Ass'n*, 2018 WL 1336721, at *3. I again reject those arguments here.

U.S. Bank raises a new argument: that because its predecessor's tender "preserved the deed of trust by operation of law, the court need not reach SFR's statute of limitations argument." ECF No. 42 at 3. But whether tender preserved the deed of trust by operation of law and whether U.S. Bank timely filed suit to obtain a judicial declaration to that effect are two different things. A four-year limitation period applies to U.S. Bank's declaratory relief claim regardless of whether it tendered.

No later than February 2013, U.S. Bank's predecessor, Bank of America, knew the content of the HOA's Covenants, Conditions, and Restrictions (CC&Rs) and foreclosure notices, that Bank of America had tendered, that Arlington had not accepted tender, and that the property had been sold at an HOA foreclosure sale for $10,000. *See* ECF No. 35-18 at 2. Thus, as of February 2013, Bank of America knew the facts supporting U.S. Bank's contention that the HOA foreclosure sale did not extinguish the deed of trust due to tender, a violation of the CC&Rs, lack of proper notice, and sale for an inadequate price. *See Country Garden Owners Ass'n*, 2018 WL 1336721, at *3; *Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017) (holding the plaintiff's predecessor-in-interest "could have asserted claims for violation of NRS 116.113 and wrongful foreclosure as soon as it obtained facts to support a contention that the HOA's sale of the Property was improper"). U.S. Bank does not identify any other fact that it or Bank of America discovered after the HOA foreclosure sale that would extend the limitation period for its claims. Its claims thus are untimely.

**C. Waiver, Estoppel, and Equitable Tolling**

U.S. Bank argues that even if its claims are untimely, SFR and Arlington waived the statute of limitations defense or should be estopped from asserting it. Alternatively, U.S. Bank argues equitable tolling should apply.

*1. Waiver and Estoppel*

Under Nevada law, "[w]aiver requires the intentional relinquishment of a known right." *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 152 P.3d 737, 740 (Nev. 2007) (en banc). To infer intent from a party's conduct, that conduct "must clearly indicate the party's intention." *Id.* And to infer waiver from conduct, the conduct must be "so

inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished." *Id.* "[D]elay alone is insufficient to establish a waiver." *Id.*

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005) (quotation omitted). For equitable estoppel to apply:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Id.* (quotation omitted). "[S]ilence can raise an estoppel quite as effectively as can words." *Id.* (quotation omitted).

The complaint has no allegations, and U.S. Bank presents no evidence at summary judgment, to raise a genuine dispute as to waiver or estoppel. U.S. Bank argues SFR and Arlington did nothing after the HOA foreclosure sale to obtain a judicial declaration that the deed of trust was extinguished. U.S. Bank does not explain why, absent some indication from the lender that it intended to challenge the HOA sale or otherwise believed its deed of trust was still enforceable, SFR's inaction could be construed as a waiver of a statute of limitations defense or should estop SFR from raising the defense. U.S. Bank does not identify anything it or its predecessor did after the sale that would have put SFR on notice that SFR needed to act to clear title. There is no evidence SFR knew U.S. Bank's predecessor had tendered the superpriority amount.

Arlington had even less incentive to file suit than SFR. After the sale, it claimed no interest in the property, having satisfied its lien through selling the property to SFR. Nothing about Arlington's inaction suggested it waived or should be estopped from asserting the defense. Waiver and estoppel do not apply here.

## 2. *Equitable Tolling*

U.S. Bank argues that equitable tolling should apply because (1) it had no actual notice the HOA foreclosure sale took place because the HOA did not mail the deed upon sale to the deed of trust beneficiary, and (2) U.S. Bank believed Bank of America's tender preserved the deed of trust so it did not need to file suit to preserve its interest. U.S. Bank argues SFR and Arlington would not be prejudiced by tolling the statute of limitations because they had notice of the dispute between the parties and did not act to resolve it in a timely fashion.

"Equitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claim is a procedural technicality." *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011). Equitable tolling "is appropriate only when the danger of prejudice to the defendant is absent and the interests of justice so require." *Id.* (quotation omitted). The inquiry "focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd.*, 261 P.3d 1071, 1077 (Nev. 2011) (en banc) (quotation omitted). Nonexclusive factors to consider when determining whether it would be just to employ equitable tolling include "the [plaintiff]'s diligence, knowledge of the relevant facts, reliance on misleading authoritative agency statements and/or misleading . . . conduct [by the defendant], and any prejudice to the [the defendant]." *Id.*

U.S. Bank's first argument that it did not have notice of the sale is incorrect. U.S. Bank's predecessor hired the law firm of Miles Bauer Bergstrom & Winters, LLP (Miles Bauer) as its agent to attempt to pay the superpriority lien. ECF No. 35-11 at 3. The Miles Bauer records

7

show that it knew about the foreclosure sale as of February 2, 2013. *Id.* at 7. Miles Bauer's knowledge is imputed to Bank of America. *Strohecker v. Mut. Bldg. & Loan Ass'n of Las Vegas*, 34 P.2d 1076, 1077 (Nev. 1934). U.S. Bank accepted assignment of the deed of trust after the limitation period had already run. Consequently, equitable tolling does not apply on this basis.

U.S. Bank next argues that it believed Bank of America's tender preserved the deed of trust so there was no need to file suit. But U.S. Bank offers no evidence that Bank of America relied on tender as a reason to not timely file suit. Its evidence shows that Bank of America knew prior to the HOA sale that its deed of trust was in jeopardy and that it tendered to preserve the deed of trust, but that the foreclosure agent rejected the payment. Yet Bank of America and U.S. Bank waited more than four years before U.S. Bank filed this suit. There is no evidence that Bank of America was lulled into inaction by anyone's statements, actions, or inactions.

This is not a case where a reasonable plaintiff would not have known of a possible claim within the limitations period. By U.S. Bank's own evidence, its predecessor knew everything it needed to know as of the date of the HOA foreclosure sale, and certainly no later than February 12, 2013. But it failed to file suit during the limitation period. Because U.S. Bank has not raised shown that the interests of justice favor equitable tolling, I need not address whether the defendants would be prejudiced. *State Dep't of Taxation*, 265 P.3d at 671 (stating that equitable tolling "is appropriate only when the danger of prejudice to the defendant is absent and the interests of justice so require" (quotation omitted)); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."). I therefore grant SFR's and Arlington's

motions for summary judgment because U.S. Bank's claims for declaratory relief and its damages claims against Arlington are untimely. I thus deny as moot SFR's motion to dismiss.

Although I grant SFR's and Arlington's motions on statute of limitations grounds, this does not have the effect that SFR advocates for in its briefing. SFR argues at several points that if I hold claims time-barred, I am "effectively ruling the Bank is forever enjoined from enforcing its impotent deed of trust," that I should quiet title in SFR's favor, that I should enter a permanent injunction against U.S. Bank, and that I should declare the deed of trust extinguished. ECF Nos. 23 at 13, 15; 44 at 3. But SFR has not asserted a counterclaim in this case. Thus, the consequence of U.S. Bank's claims being time-barred is that U.S. Bank may not pursue its claims in a judicial action. But that does not result in cancellation of the deed of trust, nor does it preclude the possibility of U.S. Bank pursuing a nonjudicial foreclosure to which no statute of limitations applies.

Finally, the parties have not addressed U.S. Bank's judicial foreclosure claim against the borrower. Ou has defaulted. ECF No. 34. U.S. Bank has not moved for default judgment against Ou, and the deadline for filing dispositive motions has passed. ECF No. 38. Within 30 days of the date of this order, the parties shall file a proposed joint pretrial order or a report on how they intend to proceed on the remaining judicial foreclosure claim.

## II. CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 23) is DENIED as moot**.

I FURTHER ORDER that defendants SFR Investments Pool 1, LLC and Arlington West Twilight Homeowners Association's motions for summary judgment **(ECF Nos. 36, 37) are**

**GRANTED**. All of plaintiff U.S. Bank, National Association's claims except its judicial foreclosure claim are DISMISSED as time-barred.

I FURTHER ORDER that defendant U.S. Bank National Association's motion for summary judgment **(ECF No. 35) is DENIED**.

I FURTHER ORDER that the proposed joint pretrial order or a status report is due by February 12, 2020.

DATED this 9th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE