UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No.: 2:17-cv-01354-APG-EJY |
| Plaintiff | **Order** |
| v. | |
| ZILIAN OU, et al., | |
| Defendants | |

    Plaintiff U.S. Bank National Association[1] filed this lawsuit seeking a declaration that the deed of trust encumbering property located at 9010 Harbor Wind Avenue in Las Vegas was not extinguished by a foreclosure sale conducted by a homeowners association (HOA). ECF No. 1. Defendant SFR Investments Pool 1, LLC purchased the property at the HOA sale.

    SFR moved to dismiss, arguing that U.S. Bank's claims were untimely. ECF No. 23. Before I ruled on the motion to dismiss, U.S. Bank moved for summary judgment, asserting that the deed of trust survived the sale because its loan servicer tendered the superpriority lien amount before the sale and because the HOA's agent had a known policy of refusing to accept tender of the superpriority amount. ECF No. 35. SFR and the HOA also moved for summary judgment, arguing, among other things, that U.S. Bank's claims are time-barred. ECF Nos. 36; 37.

    I granted SFR and the HOA's motions because I concluded that U.S. Bank's claims were time-barred. ECF No. 50. I reached that result by predicting that the Supreme Court of Nevada would apply the four-year catchall limitation period in Nevada Revised Statutes (NRS) § 11.220

---

[1] As Trustee, in Trust for the Benefit of the Holders of Bayview Opportunity Master Fund IVA REMIC Trust 2016-17NPL3 Beneficial Interest Certificates, Series 2016-17NPL3.

to claims brought by lienholders seeking to determine whether an HOA sale extinguished a deed of trust. *Id.* at 3. I ran the limitation period from February 12, 2013, which was the date U.S. Bank's predecessor learned that the HOA foreclose sale had taken place. *Id.* at 4-5. U.S. Bank subsequently voluntarily dismissed its judicial foreclosure claim against the borrower, Zilian Ou, and appealed my ruling. ECF Nos. 53; 55. SFR filed a cross appeal. ECF No. 59. U.S. Bank and the HOA reached a settlement, leaving the dispute only between SFR and U.S. Bank on U.S. Bank's declaratory relief claim. ECF No. 83.

The Ninth Circuit stayed the appeals pending a ruling from the Supreme Court of Nevada on the applicable statute of limitations for these types of claims and when they accrue. ECF Nos. 86; 90. The Supreme Court of Nevada addressed the statute of limitations issues in *U.S. Bank, N.A. as Trustee for Specialty Underwriting & Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022) (en banc). In *Thunder Properties*, the court held that the four-year catch-all statute of limitations in Nevada Revised Statutes (NRS) § 11.220 applies to claims like U.S. Bank's to determine the validity of a deed of trust under NRS § 40.010. 503 P.3d at 302, 305-06. The Supreme Court of Nevada also held that an "HOA foreclosure sale, standing alone, is not sufficient to trigger the period." *Id.* at 306. Rather, "the limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *Id.*

Following the Supreme Court of Nevada's ruling, the Ninth Circuit remanded this case for me to address in the first instance the impact of *Thunder Properties*. ECF No. 93. The parties thereafter filed supplemental briefs on the statute of limitations issues under *Thunder Properties*. ECF Nos. 100; 101; 102; 103.

U.S. Bank argues that I should reconsider my ruling that its claims are untimely under *Thunder Properties* because the HOA foreclosure sale alone does not trigger the limitation period where U.S. Bank tendered or where tender is excused, and SFR took no action to repudiate the deed of trust at any time thereafter. U.S. Bank further contends that if its claims are timely, then it is entitled to summary judgment on its quiet title claim as previously briefed. U.S. Bank asserts I should therefore enter judgment in its favor and direct the clerk of court to refund the $500 deposit plus interest that U.S. Bank paid in 2019. *See* ECF Nos. 18; 19. Alternatively, U.S. Bank argues that even if I do not grant judgment in its favor, I cannot enter judgment in SFR's favor because SFR never counterclaimed to quiet title and any such claim by SFR would now be untimely.

SFR concedes that under *Thunder Properties*, the HOA sale alone cannot trigger the limitation period. ECF No. 101 at 2. But it argues that the limitation period in this action was triggered at any one of four different points that would render U.S. Bank's claim untimely. First, SFR argues the statute of limitations was triggered when the HOA rejected the tender attempt. Next, it argues the limitation period was triggered when SFR purchased the property or when the foreclosure deed identifying SFR as the buyer was recorded because by that time SFR had been involved in litigation with U.S. Bank and its predecessor regarding whether HOA sales extinguished deeds of trust. SFR contends that U.S. Bank thus knew that SFR disputed the validity of any deed of trust following an HOA sale. Finally, SFR proposes the trigger date was the date the next payment became due under the deed of trust following the HOA sale when SFR did not pay it.

The parties' supplemental briefs raise issues of fact regarding whether SFR had a policy of disputing the validity of every deed of trust for properties it purchased at HOA sales, whether

3

U.S. Bank knew of this policy, and if so, when U.S. Bank learned of it. Consequently, I direct the parties to confer on whether discovery needs to be reopened on these issues. If the parties agree, they may submit a stipulation with a new discovery and dispositive motion schedule. If they do not agree, then the parties must file a joint status report setting forth their respective positions.

I THEREFORE ORDER that by November 18, 2022, the parties shall file either a stipulation regarding discovery or a joint status report setting forth their respective positions on discovery.

DATED this 14th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE